Claimant, Gwendolyn I. White, is therefore, awarded the sum of $107.00.

(No. 5554— 

SINCLAIR REFINING COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1969.*

SINCLAIR REFINING COMPANY, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; ETTA J. COLE, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Sinclair Refining Company, filed its complaint against respondent for the sum of $908.81 for materials furnished the Department of Conservation of the State of Illinois.

A stipulation was subsequently entered into by claimant and respondent as follows:

"That claimant, Sinclair Refining Company, had furnished materials as alleged in claimant's statement of claim.

"That there is lawfully due claimant the sum of Seven Hundred Forty Eight Dollars and Fifty Nine Cents ($748.59).

"That, as a result of delay in billing by claimant herein, payment was not made prior to the closing of the biennial appropriation.

"That claimant continues to be the sole person interested in this claim, and that no assignment thereof had occurred.

"That upon the foregoing agreed case filed herein the Court shall decide thereon, and render judgment herein according to the rights of the parties in the same manner as if the facts aforesaid were proved upon the trial of said issue."

This is a matter of a lapsed appropriation, and this Court has repeatedly held that, where a contract has been (1) properly entered into; (2) service is satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due.

Claimant, Sinclair Refining Company, is, therefore, awarded the sum of $748.59.